**RICHARD M. MARTINEZ, SBA No. 7763**
P.O. Box 43250
Tucson, Arizona 85733-3250
(520) 609-6352 phone
richard@richardmartinezlaw.com
**Counsel for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Radmacher ) | No. |
| Plaintiff, ) | |
| v. ) | COMPLAINT |
| Louis DeJoy, ) | |
| U. S. Postmaster General, ) | Jury Trial Demanded |
| Defendant. ) | |

Plaintiffs allege:

## JURISDICTION

1. Jurisdiction is conferred on this court by 28 U.S.C. § 1331.

## VENUE

2. Venue is proper in this Court because the conduct of defendant at issue occurred in the State of Arizona.

## PARTIES

3. Plaintiff is a citizen of the United States, resident of the State of Arizona living in Maricopa County.

4. Defendant is the Postmaster General of the United States Postal Service, and operates the United States Postal Service throughout the State of Arizona, including Maricopa County, where the acts of discrimination that are alleged herein occurred.

//

//

## GENERAL ALLEGATIONS

5. Plaintiff is male, employed with the United States Postal Service ("USPS") and at times relevant to this complaint was a Supervisor Distribution Operations ("SDO"), EAS 17, assigned to the Phoenix , AZ P&DC (Mail Processing And Distribution Center) who engaged in protected EEO conduct and was subjected to differential terms, conditions and privileges of employment by defendant.

6. Plaintiff was first assigned to the Phoenix, AZ P&DC as an SDO in the summer of 2017.

7. Prior to Plaintiff's assignment to the Phoenix, AZ P&DC as an SDO, he had worked for Defendant at the "West Valley" mail processing P&DC in the Maintenance Operations Department. Maintenance Operations is an in which plaintiff has specific work experience, relevant job knowledge and job specific expertise.

8. On, or about, January 18, 2018 plaintiff learned from the Paul Lenahan, a then senior manager in Maintenance Operations, that there was a detail opportunity available at the West Valley position in Maintenance Operations.

9. Plaintiff timely communicated his interest in the detail opportunity to Maintenance Operations at the West Valley facility via e-mail to Paul Lenahan and James Brenneman.

10. In response to plaintiff's detail interest submission, James Brennan responded to plaintiff that he (Radmacher) "owed" him (Brennan) at least a year in his current position before would be considered for a detail opportunity.

11. Plaintiff knew that a female co-employee in the same position and assignment had expressed her interest in a detail opportunity available at the West Valley facility in Transportation two months after joining the Phoenix P&DC that she was assigned to by the same management that was denying him his detail opportunity. This difference in treatment for two similar situated Operations supervisors reflects the more favorable and preferential treatment provided to female supervisors, an

observation and concern plaintiff expressed to management.

12. After making known, communicating, his concerns of being subjected to discriminatory workplace differential treatment to USPS management, a protected activity, plaintiff was then subjected to a series of adverse employment actions which include being moved to the less favorable Tour 2 and then the least favorable Tour 1, had his scheduled Sunday day off assigned a female Supervisor, was required to submit medical documentation for being off work while ill, was subjected to adverse employment actions for alleged attendance deficiencies, had inaccurate damaging time entries recorded on his time records, was subjected to unequal work loads and accursed of creating a hostile work environment.

13. Plaintiff timely sought and submitted the claims and treatment identified herein to the Postal Service EEO Investigative Services, Agency Case Number 1E-853-0018-18, which received and then completed the administrative EEO process.

14. Plaintiff requested and received a Final Agency Decision which failed to resolve any of the claims submitted and then administratively investigated.

15. At all times relevant to this lawsuit, plaintiff was an employee of defendant within the meaning of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S. C. § 2000e, *et. seq.*

16. Plaintiff has complied with all jurisdictional requirement for the filing of this lawsuit.

COUNT ONE

EMPLOYMENT DISCRIMINATION: GENDER

(42 U.S.C. § 2000e-16, *et. seq.,* as amended)

17. Plaintiff hereby re-allege and incorporates all allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18. Defendant's treatment of and actions against plaintiff constitute violations of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S. C. § 2000e, *et. seq.*, as amended, federal statutes that prohibit workplace discrimination.

19. As a direct and proximate result of the conduct of defendant, plaintiff suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of his rights to equal employment opportunities.

## COUNT TWO

## EMPLOYMENT DISCRIMINATION: RETALIATION

(42 U.S.C. § 2000e, *et. seq.,* as amended)

20. Plaintiffs hereby re-allege and incorporates all allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Defendant's treatment of and actions against plaintiff constitute violations of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S. C. § 2000e, *et. seq.*, as amended, federal statutes that prohibit workplace discrimination.

22. As a direct and proximate result of the conduct of defendant, plaintiffs have suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of their rights to equal employment opportunities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That this Court declare the actions complained of herein to be violations of 42 U.S.C. § 2000e, *et.seq.*, as amended.

2. That defendant be ordered to take appropriate affirmative acts to insure that the actions complained of herein are not engaged in again by defendant or any of its agents and to place plaintiff in the position he would currently enjoy but for the unlawful conduct of defendant.

3. That defendant, including all officers, director, agents, employees and successors be permanently enjoined from discriminating against any person, including plaintiff.

//

4. That actual damages be awarded to plaintiff and against defendant;

5. That compensatory damages be awarded to plaintiff and against defendant;

6. That plaintiff be awarded his attorneys' fees;

7. That plaintiffs be awarded his costs; and

8. That plaintiff be awarded all other relief that the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Pursuant to Rule 38, FRCP, a trial by jury is demanded.

DATED this 26th day of April, 2021.

                               */s/ Richard M. Martinez*
                               RICHARD M. MARTINEZ, ESQ.
                               Counsel for Plaintiff